# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **SUSAN MARQUEZ,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **EP-24-CV-00029-RFC** |
| | § | |
| **COMMISSIONER OF THE SOCIAL** | § | |
| **SECURITY ADMINISTRATION,** | § | |
| | § | |
| *Defendant.* | § | |

## <u>ORDER</u>

Before the Court is Plaintiff's Motion for Authorization of Attorney Fees Pursuant to 42 USC § 406(b), ECF No. 18 [hereinafter "Mot"]. For the reasons set forth herein, the Motion is **DENIED WITHOUT PREJUDICE**.

In her Motion, Plaintiff sought an award of attorney's fees pursuant to 42 U.S.C. § 406(b). Mot. Appended to her Motion was a certificate signed by Plaintiff's counsel, Kira Treyvus, in which Treyvus certified she "conferred, or made a reasonable attempt to confer, with Defense counsel in this matter about the merits of this motion." Mot. Cert. Conferral, ECF No. 18–1. However, in describing the conferral or "attempt to confer," Treyvus indicated that she merely sent unanswered e-mail correspondence to Kendall Rees – an individual not listed as defense counsel of record – on February 25, 2026, the same day the Motion was filed. *Id*.; Mot.

Local Rule CV-54(b)(2) directs counsel for both parties to "meet and confer for the purpose of resolving all disputed issues" prior to any application regarding attorney's fees and further requires that counsel for the movant must "certify that such a conference has occurred" in filing a request for fees. Here, counsel's certificate indicates she did not communicate with defense

counsel prior to filing the Motion, let alone provide a meaningful opportunity for conference. Accordingly, the Court finds the request for attorney's fees is procedurally deficient and declines to expend judicial resources to consider its merits at this time. *See* Text Order, *Maduhu v. Maduhu*, 5:23-cv-00142-XR (W.D. Tex. July 17, 2023) (denying motion for attorney's fees without prejudice for failing to meet Local Rule CV-54 conferral requirements); *Avialae S De Rl De Cv v. Cummins Inc.*, No. EP-19-CV-00380-FM, 2023 WL 4987608, at *1 (W.D. Tex. June 15, 2023) (same); *Lackie v. O'Malley*, No. EP-22-CV-00126-FM, 2024 WL 4784402, at *1 (W.D. Tex. May 13, 2024) (listing plaintiff's failure to meet and confer before filing a motion for attorney's fees among procedural defects justifying denial of attorney's fees).

The Court therefore **ORDERS** that Plaintiff's Motion for Authorization of Attorney Fees Pursuant to 42 USC § 406(b), ECF No. 18, is **DENIED WITHOUT PREJUDICE**.

It is **FURTHER ORDERED** that Plaintiff is granted an additional fourteen days from entry of this order in which she may re-urge her request for attorney's fees by filing a motion in conformity with Local Rule CV-54 *only if* a good-faith attempt to meet and confer is unsuccessful.[1]

So **ORDERED** and **SIGNED** this 4th day of June, 2026.

**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Under Federal Rule of Civil Procedure 54(d)(2)(B), a motion for attorney's fees must be filed within fourteen days after entry of judgment, unless the Court orders otherwise. That deadline has now passed. Plaintiff is advised that failure to submit a procedurally proper motion for attorney's fees within the fourteen-day period may result in the Court denying any subsequent requests as untimely.